# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF COLUMBIA

| | | | |
|---|---|---|---|
| ROBERT H. ADAIR *et al.*, | : | | |
| | : | | |
| Plaintiffs, | : | Civil Action No.: | 00-0566 (RMU) |
| | : | | |
| v. | : | Document No.: | 155 |
| | : | | |
| DONALD C. WINTER,[1] | : | | |
| Secretary of the Navy *et al.*, | : | | |
| | : | | |
| Defendants. | : | | |
| ──────────────────────── | : | | |
| CHAPLAINCY OF FULL GOSPEL | : | | |
| CHURCHES *et al.*, | : | | |
| | : | | |
| Plaintiffs, | : | Civil Action No.: | 99-2945 (RMU) |
| | : | | |
| v. | : | | |
| | : | Document No.: | 219 |
| DONALD C. WINTER, | : | | |
| Secretary of the Navy *et al.*, | : | | |
| | : | | |
| Defendants. | : | | |

## MEMORANDUM OPINION

### Denying the Defendants' Motion for Reconsideration

## I.  INTRODUCTION

In the latest iteration of this longstanding dispute between non-liturgical naval chaplains and the United States Navy, the Navy challenges Magistrate Judge Facciola's ruling that the plaintiffs are entitled to discovery of proceedings of Selective Early Retirement ("SER") boards. The plaintiffs' underlying allegation is that they were the victims of religious discrimination at the hand of the SER boards and, in preparing this case, seek discovery of SER-board

---

[1]  The court substitutes the current Secretary of the Navy, Donald C. Winter, acting in his official capacity, for his predecessor Gordon R. England.  Fed. R. Civ. P. 25(d)(1).

proceedings.  In the proceedings before Judge Facciola, the government claimed that the

plaintiffs were barred from discovery into these proceedings pursuant to both federal statutes and

the Federal Rules of Civil Procedure.  Judge Facciola rejected these assertions and the defendants

filed a motion for reconsideration.  Because Judge Facciola's ruling is not clearly erroneous or

otherwise a violation of law, the court affirms Judge Facciola's discovery order and denies the

defendants' motion for reconsideration.

## II.   BACKGROUND

### A.   Factual Background

The plaintiffs in this case allege that the Navy established, promoted, and maintained

religious quotas and other discriminatory practices in the Navy Chaplain Corps in violation of the

First and Fifth Amendments.  Second Am. Compl. at 2.  According to the plaintiffs, until the

1980s, the Navy hired chaplains from various faith groups based on objective criteria, such as the

relative percentage a religion represented in the total American population.  *Id.* at 23-24.  In

response to a shift in America's religious demographics away from liturgical Protestant

denominations and toward non-liturgical Christian faith groups, however, the Navy allegedly

abandoned its objective criteria and adopted a subjective "thirds policy."  *Id.* at 24.  Under the

thirds policy, the Navy allegedly reserved one-third of its Chaplain Corps slots for Catholics,

one-third for liturgical Protestants, and one-third for members of all other religions (including

non-liturgical Christians).  *Id.*

2

According to the plaintiffs, the Navy applied the thirds policy not only to accessions,[2] but to promotions and retentions. *Id.* at 25. To identify officers for promotion and early retirement, the Navy uses selection boards that evaluate a chaplain's capacity and potential for further service. *Id.* at 28, 30 (citing 10 U.S.C. §§ 612 *et seq.*). The plaintiffs allege that to maintain liturgical control of the Chaplain Corps, the Navy uses the promotion and SER boards to diminish non-liturgical chaplains' opportunities for promotion and to "thin down" the number of non-liturgical chaplains at the higher ranks by forcing them out of service. *Id.* at 24, 28, 32-33. In support of their allegations, the plaintiffs set forth various statistics and anecdotal evidence. *E.g.*, *id.* at 4-9, 14-17, 19-20, Exs. 2-4, 6. The plaintiffs also point to a 1995 report ("the Ellis Report") noting a "clear" and "disconcerting" institutional bias against non-liturgical chaplains in key Navy positions and a 1997 report ("the Stafford Report") indicating that one promotion board "may have systematically applied a denominational quota system, perhaps to ensure balanced denominational representation across the Chaplain Corps." *Id.* at 26-27, 32, Exs. 5, 8.

### B.    Procedural Background

The plaintiffs filed their complaint in November 1999. Two years later, in January 2001, the court's Calendar Committee transferred this case and the related case of *Adair v. Johnson*, Civil Action No. 00-0566, to this member of the court. On January 10, 2002, the court issued a comprehensive memorandum opinion granting in part and denying in part the defendants' motion to dismiss both consolidated cases. *Adair v. England*, 183 F. Supp. 2d 31 (D.D.C. 2002). The

---

[2]     The term "accessions" refers to individuals the Chaplain Corps brings into the Navy, either active duty or reserve, as commissioned officers during the current fiscal year. *Adair v. England*, 217 F. Supp. 2d 7, 9 n.5 (D.D.C. 2002) (quoting the defendants' submission).

court concluded, *inter alia*, that the plaintiffs had successfully stated a claim that the defendants' policies and practices violated the Constitution.  *Id.*

On October 29, 2002, the plaintiffs filed their motion to compel the testimony of Navy Chaplain promotion selection boards and SER boards.  *Chaplaincy of Full Gospel Churches v. Johnson* ("*Chaplaincy I*"), 217 F.R.D. 250, 254 n.4 (D.D.C. 2003).  They contended that the testimony of selection-board personnel is material to their claims and that the Navy had refused to allow such personnel to testify on the grounds that the proceedings of a selection board "may not be disclosed to any person not a member of the board."  Pls.' Mot. to Compel at 1 (citing 10 U.S.C. § 618(f).  This court, on September 2, 2003, granted the plaintiffs' motion to compel, ruling (1) that the requested testimony was relevant to the plaintiffs' claims, (2) that the information sought was not shielded from civil discovery by the deliberative-process privilege, and (3) that 10 U.S.C. § 618(f) did not bar limited discovery.  *Chaplaincy I*, 217 F.R.D. 250.  On appeal, the D.C. Circuit reversed in part and vacated and remanded in part.  *In re England*, 375 F.3d 1169 (D.C. Cir. 2004).  The Circuit court ruled that 10 U.S.C. § 618(f) (in conjunction with 10 U.S.C. § 611(a)), constitutes an absolute bar to disclosure of promotion selection board proceedings in civil discovery.  *Id.*, at 1177-1178.  Because the parties had not briefed this court on the applicability (or non-applicability) of § 618(f) to SER boards specifically, the D.C. Circuit remanded to this court the determination, in the first instance, of whether SER-board proceedings are similarly exempt from civil discovery.

Acting upon an April 4, 2004 referral by this court for discovery disputes, Judge Facciola issued a memorandum opinion ruling on this issue on March 8, 2006.  Judge Facciola ruled that § 618(f) did not shield SER-board proceedings from civil discovery, that 10 U.S.C. § 14104 did

not bar discovery into SER-board proceedings, and that Navy regulations prohibiting board members from discussing board proceedings did not limit discovery into SER-board proceedings. *Chaplaincy of Full Gospel Churches v. England* ("*Chaplaincy II*"), 234 F.R.D. 7 (D.D.C. 2006). Additionally, Judge Facciola reaffirmed this court's prior ruling that discovery into SER-board proceedings is discoverable pursuant to Federal Rule of Civil Procedure 26(b)(1) and is not shielded by the deliberative-process privilege.  *Id.* at 12-13 (citing *Chaplaincy I*, 217 F.R.D. at 256-58).  The instant motion for reconsideration followed.

### III.   ANALYSIS

#### A.   Legal Standard for Review of Magistrate Judge Decisions

A party may invoke Federal Rule 72(a) and Local Rule 72.2 to seek reconsideration of a magistrate judge's determination in a discovery dispute.  FED. R. CIV. P. 72(a); LCVR 72.2.  Upon review, "the magistrate judge's decision is entitled to great deference" and will not be disturbed "unless found to be 'clearly erroneous or contrary to law.'"  *Boca Investerings P'ship v. United States*, 31 F. Supp. 2d 9, 11 (D.D.C. 1998)).  "In view of this standard, the court will affirm the magistrate judge's determination unless 'on the entire evidence' the court 'is left with the definite and firm conviction that a mistake has been committed.'"  *Neuder v. Battelle Pac. Nw. Nat. Lab.*, 194 F.R.D. 289 (D.D.C. 2000) (citing *United States v. U.S. Gypsum Co.*, 333 U.S. 364, 365 (1948)); *Arakelian v. Nat'l W. Life Ins. Co.*, 126 F.R.D. 1, 2 (D.D.C. 1989).

#### B.   The Court Affirms the Magistrate Judge's Ruling

The defendants raise four principal arguments in challenging Judge Facciola's March 3, 2006 Memorandum Opinion.  First, the defendants argue that Navy instruction 1420.1A

("SECNAVINST 1420.1A"), adopted pursuant to a delegation of authority by Congress, protects

the Navy from disclosing SER-board proceedings.  Defs.' Mot. to Recons. ("Defs.' Mot.") at 8-9.

Second, the defendants assert that they are protected from civil discovery of SER-board

proceedings by 10 U.S.C. § 14101.  *Id.* at 9-10.  Third, the defendants argue that as a matter of

policy – to encourage "candid discussions" amongst SER board members – the court should not

require disclosure of SER-board proceedings.  *Id.* at 12-13.  Fourth, the defendants argue that

Judge Facciola erred in adopting this court's prior determination that the plaintiffs' discovery

request into SER-board proceedings is discoverable under the Federal Rules of Civil Procedure

and that the government was not entitled to a deliberative-process privilege.  *Id.* at 13-25.  The

court addresses each of these arguments.  However, because the defendants organized their

motion in a disorganized and confused manner, the court will address each of these arguments

utilizing its own structure.

### 1.    Judge Facciola Correctly Concluded that 10 U.S.C. § 618(f) Does Not Bar Civil Discovery into SER-Board Proceedings

Judge Facciola appropriately begins his analysis with the plain text of the statute.

*Chaplaincy II*, 234 F.R.D. at 11 (citing *In re England*, 375 F.3d at 1177).  Reading the statute,

Judge Facciola concluded that 10 U.S.C. § 618(d) does not bar civil discovery into SER-board

proceedings.  *Id.*

Section 618(f) provides that "[e]xcept as authorized or required by this section,

proceedings of a selection board convened under section 611(a) of this title may not be disclosed

to any person not a member of the board."  10 U.S.C. § 618(f).  Referenced explicitly in this

provision, § 611(a) "provides authorization to convene 'selection boards to recommend for

promotion.'" *In re England*, 375 F.3d at 1181.  SER boards, at issue in the instant matter, are

convened pursuant to a different statutory provision – § 611(b).  10 U.S.C. § 611(b) (stating that

"the Secretary of the military department concerned may convene selection boards to recommend

officers for continuation on active duty . . . or for early retirement").

In its analysis of whether § 618(f) constitutes an absolute bar to civil discovery of

promotion selection boards, the D.C. Circuit referenced Judge Friendly's description of Justice

"Felix Frankfurter's 'threefold imperative to law students' in his landmark statutory

interpretation course: '(1) Read the statute; (2) Read the statute; (3) Read the statute!'" *In re*

*England*, 375 F.3d at 1181-1182 (citing Henry J. Friendly, *Benchmarks* 202 (1967)).  Having

done just that, Judge Facciola properly concluded that because "the statute contains a strict

confidentiality provision for the deliberations of promotion boards, but contains no such

provision for continuation on active-duty or selective early retirement boards," the restrictive

language of section 618(f) does not apply to SER-board proceedings.  *Chaplaincy II*, 234 F.R.D.,

at 11; *Wilkins v. United States*, Slip Op. No. 99-cv-1579, at 7 (S.D. Cal. Dec. 23, 2003)

(addressing the precise statutory question at issue here and concluding that because "the statute

contains language clearly limiting disclosure for one type of board proceeding (promotion

boards), but is silent as to disclosure of another type of board proceeding (retirement boards), the

doctrine of *expressio unius este exclusio alterius* suggest that the limiting language does not

apply to the retirement board").   Accordingly, Judge Facciola's decision is not "clearly

erroneous or contrary to law."  FED. R. CIV. P. 72(a).

### 2.   Judge Facciola Correctly Concluded that Neither SECNAVINST 1420.1A Nor Subsequent Congressional Action Bar Civil Discovery into SER-Board Proceedings

After ruling out § 618(f) as a prohibition to civil discovery of SER-board proceedings, Judge Facciola turned his attention to the government's argument that SER proceedings are exempt from civil discovery pursuant to an instruction issued by the Secretary of the Navy, which requires "all selection board members, regardless of the type of board, to take an oath that they will not disclose the board's deliberations." *Chaplaincy II*, 234 F.R.D. at 11 (quoting Secretary of Navy Instruction 1420.1A ("SECNAVINST 1420.1A")).  As the defendants' argument goes, SECNAVINST 1420.1A, issued pursuant to congressional delegation to prescribe regulations for SER boards, "parallels the language of section 618(f) and states that 'no member or recorder of a . . . selection board shall disclose the proceedings or recommendations" of the board.  Defs.' Mot. at 8.  The court cannot agree.

In analyzing the breadth of § 618(f) as it applies to promotion selection boards, the D.C. Circuit noted that "[t]he opening clause of Section 618(f) provides an exception for disclosures 'authorized or required' by Section 618 itself."  *In re England*, 375 F.3d at 1177.  "In other words," the Circuit stated, "the drafters of Section 618(f) wrote the ban on disclosure in such broad and absolute terms that they felt the need to specify that broad proceedings *could* be disclosed in connection with the very reason you have them – to submit recommendations to the Secretary of the military department, the Secretary of Defense, and ultimately the President."  *Id.*

In contrast, SECNAVINST 1420.1A contains no such exception.  Adopting the D.C. Circuit's logic, this court cannot say that the Secretary of the Navy wrote SECNAVINST 1420.1A in "such broad and absolute terms."  *Id.*  Under these circumstances, the court is

8

unwilling to conclude that Judge Facciola committed clear legal error when he concluded that the

Secretary of the Navy's regulation does not imbrue SER-board proceedings with a shield from

civil discovery not imparted by statute.[3]  *Baldrige v. Shapiro*, 455 U.S. 345, 360 (1982) (noting

that the court should strictly construe any law purporting to "'suppress otherwise competent

evidence'") (quoting *St. Regis Paper Co. v. United States*, 368 U.S. 208, 218 (1961)); *Bartlett v.*

*Bowen*, 816 F.2d 695 (D.C. Cir. 1987).

   The defendants maintain that Congress intended to parallel SECNAVINST 1420.1A in

---

[3]    By construing SECNAVINST 1420.1A narrowly, Judge Facciola did not need to address
the delicate constitutional question (which the plaintiffs urge the court to entertain) of
whether the Congress may delegate to the Navy the authority to exempt executive
proceedings from judicial review.  Such delegation may just throw the constitutional
balance of powers among the three branches by "impermissibly threaten[ing] the
institutional integrity of the Judicial Branch."  *Mistretta v. United States*, 488 U.S. 361,
381 (1989) (noting that the court has not "hesitated to strike down provisions of law that
either accrete to a single Branch powers more appropriately diffused among separate
Branches or that undermine the authority and independence of one or another coordinate
Branch") (quoting *Commodity Futures Trading Comm'n v. Schor,* 478 U.S. 833, 851
(1986)).  In this regard, the court notes the constitutional harmony in § 618(f): enabling
legislative control over the scope of judicial proceedings involving constitutional
questions of executive actions.  By contrast, the Secretary of the Navy's regulation, if it
precluded civil discovery into SER-board proceedings, would perhaps distort the
majestic balance, enabling the executive to shield itself from judicial scrutiny.  A
regulation of this sort would assault the judiciary's ability to adjudicate constitutional
claims brought against the executive.  *Id.* at 381 (noting that "where the whole power of
one department is exercised by the same hands which possess the whole power of
another department, the fundamental principles of a free constitution, are subverted," and
quoting the Federalist Papers for the proposition that "the greatest security . . . against a
gradual concentration of the several powers in the same department, consists in giving to
those who administer each department, the necessary constitutional means, and personal
motives, to resist encroachments of the others") (quoting The Federalist No. 51, p. 349
(J. Cooke ed. 1961)).  Tentatively addressing the issue, the defendants argue that the
Secretary of the Navy promulgated these regulations pursuant to express congressional
delegation. Defs.' Mot. at 28.  However, the constitutional concerns regarding the
accumulation of power with a single branch of government resounds with equal force
whether created through unilateral executive action, or at the acquiescence or urging of
Congress.  *City of Boerne v. Flores*, 521 U.S. 507, 536 (1997) (noting that "the courts
retain the power, as they have since *Marbury v. Madison*, to determine if Congress has
exceeded its authority under the Constitution").

promulgating 10 U.S.C. § 14104, which, the defendants argue, prohibits discovery into SER-board proceedings.  Defs.' Mot. at 29-30.  Section 14014 states that "[e]xcept as otherwise authorized or required by law, the proceedings of a selection board convened under section 14101 of this title may not be disclosed to any person not a member of the board."  10 U.S.C. § 14014.  Judge Facciola, considering the defendants' argument, concluded that the statute does not apply to civil discovery sought through the Federal Rules of Civil Procedure.  *Chaplaincy II*, 234 F.R.D. at 12 (indicating that "[t]he Federal Rules of Civil Procedure constitute 'law' as that term is ordinarily understood and, therefore, discovery pursuant to those rules would fall within section 14104's "required by law" exception to non-disclosure).  Challenging this holding, the defendants maintain that Judge Facciola's interpretation frustrates Congress' intent that 14104's prohibition "parallel . . . the prohibition contained in section 618(f)."  Defs.' Mot. at 31 (citing H.R. Rep. 103-84 at 37-38).  Contrary to the defendants' position, however, the court gleans Congress' intent not through "the more controversial realm of legislative history," but via the "plain language reading" of the statute.  *In re England*, 375 F.3d at 1178.  "Where Congress includes particular language in one section of a statute but omits it in another section of the same Act, it is generally presumed that Congress acts intentionally and purposely in the disparate

inclusion or exclusion."[4]  *Russello v. United States*,

464 U.S. 16, 23 (1983) (quoting *United States v. Wong Kim Bo*, 472 F.2d 720, 722 (5th Cir.

1972)).  The defendants' unitary reference to a House of Representatives report, Defs.' Mot. at 29

(citing H.R. Rep. 103-84 at 18), is insufficient to upset this statutory presumption in this

instance.  *Tax Analysts v. I.R.S.*, 350 F.3d 100, 104 (D.C. Cir. 2003) (citing *Russello* and refusing

"to resort to legislative history" given "the clarity of the statute's language and structure").  Had

Congress meant to create a statutory bar to civil discovery as robust for SER-board proceedings

under § 14104 as that for promotion-board proceedings under § 618(f), its qualification of that

provision – "except as otherwise authorized or required by law" – is a curiosity.  Accordingly,

the court concludes the Judge Facciola's decision in this regard is not clearly erroneous or

contrary to law.  *Chaplaincy II*, 234 F.R.D. at 12.

### 3.   Judge Facciola Correctly Concluded that the SER Boards are Relevant under the Federal Rules and are Not Shielded by the Deliberative-Process Privilege

This court previously addressed the defendants' arguments that discovery into the SER-

board proceedings is not discoverable under Federal Rule 26(b)(1) and that it is shielded by the

---

[4]      The Supreme Court noted that "[t]he *Russello* presumption – that the presence of a phrase in one provision and its absence in another reveals Congress' design – grows weaker with each difference in the formulation of the provisions under inspection."  *City of Columbus v. Ours Garage and WreckerCity of Columbus v. Ours Garage and Wrecker Service, Inc.*, 536 U.S. 424 (2002) (citing *Russello v. United States*, 464 U.S. 16, 23 (1983)).  The *City of Columbus* formulation applies with equal force in the inverse – that the *Russello* presumption grows stronger with less differences in formulation between the provisions under inspection.  *See, e.g. Cardiac Pacemakers, Inc. v. St. Jude Medical, Inc.*, 2001 WL 483973, *7 (S.D. Ind. 2001) (stating simply that "[t]he close parallels between the two provisions serve to highlight the difference").  Thus, if Congress intended § 14104 to parallel § 618(f), as the defendants argue, Congress' decision to add the "required by law" qualification to § 14104, where no such qualification exists in § 618(f), is strongly presumed by this court as intentional and purposeful.  *Russello*, 464 U.S. at 23.

deliberative-process privilege.  *Chaplaincy I*, 217 F.R.D. at 256-258.  The court rejected both of these arguments.  Addressing the relevance of discovery of SER-board proceedings to the allegations in this case, the court found it "hard to argue that the testimony of former selection-board personnel with direct knowledge of board proceedings is not 'relevant' and 'reasonably calculated to lead to the discovery of admissible evidence' regarding alleged Navy discrimination against non-liturgical chapains in those very proceedings."  *Id*. at 256 (quoting Fed. R. Civ. P. 26(b)(1)).

With respect to the defendants' attempted invocation of the deliberative-process privilege, the court concluded that "[t]he various reports and statistics cited by the plaintiffs are adequate at this stage to support a belief that the Navy engaged in discrimination against non-liturgical chaplains."  *Id.* at 258.  From these allegations, the court concluded that "the plaintiffs have provided an adequate factual basis for their belief that the requested testimony will provide evidence of government misconduct."   Noting that "[w]hen there is any reason to believe that government misconduct has occurred . . . the deliberative-process privilege disappears altogether," *id.* at 257 (citing *In re Sealed Case*, 121 F.3d 729, 746 (D.C. Cir. 1997)), the court refused to apply a deliberative-process privilege to SER-board proceedings, *id.* at 258.

Judge Facciola correctly noted that the *In re England* court did not evaluate this court's ruling on these matters, but addressed solely the applicability of § 618(f) to promotion-board proceedings.  Mem. Op. (Mar. 3, 2006) at 12.  Though the D.C. Circuit vacated this court's decision with respect to SER boards and remanded for a fresh review in light of its interpretation of §618(f), the court's confidence in its previous ruling regarding relevance and the deliberative-process privilege remains undisturbed.

The defendants attempt to reargue these points by providing their own statistics which, they argue, undermine the plaintiffs' allegations.  Defs.' Mot. at 17-19.  To the contrary, however, these statistics reassure the court of its prior rulings (1) that "[d]iscovery is not to be denied because it relates to a claim or defense that is being challenged as insufficient," and (2) that "a thorough discovery period will greatly assist the court in evaluating the merits of the parties' claims."  *Chaplaincy I*, 217 F.R.D. at 256, 258.  For this reason, the court reaffirms its previous holding on these points.  Accordingly, the court declines the defendants' invitation to invalidate Judge Facciola's prescience in anticipating this court's reaffirmation of its prior ruling given the D.C. Circuit's lack of discussion on these points.

## IV.   CONCLUSION

For the reasons stated herein, the court denies the defendants' motion for reconsideration of the Magistrate Judge's ruling.  An order consistent with this Memorandum Opinion is separately and contemporaneously issued this 11th day of September 2006.

RICARDO M. URBINA
United States District Judge